**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-03545 JAK (ASx) | Date | October 23, 2014 |
|---|---|---|---|
| Title | Los Angeles Sleep Studies Institute v. Anthem Blue Cross Life and Health Ins. Co. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Andrea Keifer | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE DEFENDANT'S MOTION TO DISMISS (DKT. 12) JS-6: Remanded

## I. Introduction

Plaintiff Los Angeles Sleep Studies Institute ("Plaintiff") brought this action in the Los Angeles County Superior Court against Defendant Anthem Blue Cross Life and Health Insurance Company ("Defendant"). The First Amended Complaint alleges that Defendant failed to pay for the medical services provided by Plaintiff to patients insured by Defendant. First Amended Complaint ("FAC"), Dkt. 1 Exh. F. The FAC advances eight causes of action; each arises under California law. Defendants removed this action pursuant to 28 U.S.C. §§ 1331, 1441 and 1446 on the grounds that Plaintiff's third cause of action arises under, and is completely preempted by, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1). Notice of Removal, Dkt. 1.

Defendant brought a motion to dismiss all of the causes of action and claims for punitive damages (the "Motion"). Dkt. 12. Plaintiff opposed the Motion (Dkt. 19), and Defendant replied (Dkt. 20). The Court conducted a hearing on the Motion on September 15, 2014 and took the matter under submission. For the reasons stated in this Order, the Motion is GRANTED in part. Certain claims are preempted and dismissed. The Court declines to exercise supplemental jurisdiction over the remaining claims. Therefore, the action is REMANDED to the Superior Court.

## II. Factual Background

Plaintiff operates a sleep disorder research institute and treatment center in Tarzana, California. Dkt. 1, Exh. F ¶ 19. Plaintiff provides medical services to patients who are insured by various companies, including Defendant. *Id.* ¶ 20. Before providing services to a patient insured by Defendant, Plaintiff allegedly contacts the benefits department of Defendant to verify that the requested treatment is covered by the applicable policy. Plaintiff also inquires about the scope of the coverage, *e.g.,* will it be for only a percentage of the cost and will the patient have a co-pay obligation. *Id.* ¶ 22. Where coverage will be provided, Plaintiff alleges that Defendant authorizes the medical services by telephone, *i.e.,* makes a "verbal agreement" to pay Plaintiff the "usual and customary" value of the medical services. *Id.* ¶¶ 23, 24. Plaintiff alleges that it only provides medical services to patients insured by Defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-03545 JAK (ASx) | | Date | October 23, 2014 |
|---|---|---|---|---|
| Title | Los Angeles Sleep Studies Institute v. Anthem Blue Cross Life and Health Ins. Co. | | | |

following such an agreement. *Id.* ¶ 25.

Plaintiff alleges that the patients insured by Defendant who are at issue in this case had "valid written health insurance policies with [Defendant], whereby [Defendant] was obligated to pay for the usual and customary health care expenses incurred by the patients, wherever those expenses were incurred." *Id.* ¶ 26. Plaintiff also alleges that it obtained a signed, assignment of benefits from each patient prior to providing services to that patient. In those assignments, the patients "assigned their rights to reimbursement and/or payment from [Defendant] for medical expenses." *Id.* ¶ 27. Further, Defendant contends that a "majority" of these insurance policies are under group benefit plans governed by ERISA. Declaration of Scott Hicks ("Hicks Decl."), Dkt. 2 ¶ 2.

Plaintiff alleges that in the 2011-2012 billing cycle, Defendant began a series of unlawful and fraudulent business practices. It claims that Defendant did so to avoid full payment to Plaintiff as promised by Defendant's telephonic authorizations. Dkt. 1, Exh. F ¶ 31. Plaintiff alleges it provided medical services in 127 cases in the 2011-2012 billing cycle involving patients insured by Defendant. *Id.* ¶¶ 28, 31. Plaintiff alleges the value of, and amount billed for, these services is $1,664,040.00, but that Defendant has paid only $662,388.72. *Id.* ¶¶ 28, 32. Plaintiff alleges that Defendant requested that Plaintiff "bundle" the services provided into one billing line, but then claimed it had made payments greater than the amounts due and delayed its processing of Plaintiff's claims. *Id.* ¶¶ 33-37.

Plaintiff's first cause of action alleges a breach of the oral contracts between Plaintiff and Defendant made during the telephone conversations. *Id.* ¶ 42-55. The second cause of action alleges breach of the implied contract created based upon the parties' previous conduct of approving services for patients insured by Defendant through these same telephone conversations. *Id.* ¶¶ 56-67. Plaintiff's third cause of action alleges breach of contract for reimbursement of medical expenses based on the rights assigned to Plaintiff by the patients. *Id.* ¶¶ 68-80. Plaintiff's fourth cause of action alleges breach of the covenant of good faith and fair dealing arising from the implied contract created "and/or" the assignment of benefits. *Id.* ¶¶ 81-92. Plaintiff's fifth cause of action alleges promissory fraud based on the oral representations made to Plaintiff during the telephone conversations. *Id.* ¶¶ 93-105. Plaintiff's sixth cause of action alleges unjust enrichment. Plaintiff contends that it conferred a tangible economic benefit on Defendant by rendering services to patients who pay policy premiums to Defendant. *Id.* ¶¶ 106-112. Plaintiff's seventh cause of action alleges unfair business practices under Cal. Bus. & Prof. Code §17200, *et. seq.*, for failing to make the promised payments to Plaintiff. *Id.* ¶¶ 113-120. Plaintiff's eighth cause of action seeks declaratory relief through a ruling that the "usual and customary" rate for the services Plaintiff provided is the one that Plaintiff has requested. *Id.* ¶¶ 121-125.

### III.   Procedural Background

Plaintiff originally filed this action in the Los Angeles County Superior Court on October 1, 2013. Defendant filed a demurrer. *Id.* ¶ 2. On April 17, 2014, Superior Court Judge Hiroshige sustained the demurrer as to the complaint, with leave to amend. *Id.* ¶ 5. On April 28, 2014 Plaintiff filed its FAC, in which it added three new causes of action. *Id.* ¶ 6.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**


**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-03545 JAK (ASx) | Date | October 23, 2014 |
|---|---|---|---|
| Title | Los Angeles Sleep Studies Institute v. Anthem Blue Cross Life and Health Ins. Co. | | |


Defendant removed the action on May 8, 2014, based 28 U.S.C. § 1331. It contends that Plaintiff's third cause of action arises under, and is completely preempted by, ERISA. *Id.*

## IV.     Analysis

### A.     Legal Standard

#### 1.     Preemption under ERISA

ERISA contains "expansive pre-emption provisions . . . which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 200 (2004) (citing *Alessi v. Raybestos–Manhattan, Inc.,* 451 U.S. 504, 523 (1981)). ERISA is capable of two types of preemption: first, "complete preemption" under § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a) ("§ 502") and second, "conflict preemption" under § 514(a) of ERISA, 29 U.S.C. § 1144(a) ("§ 514"). *See Marin Gen. Hosp. v. Modesto & Empire Traction Co.,* 581 F.3d 941, 945 (9th Cir. 2009).

Under Section 502, "[a]ny state-law cause of action that duplicates, supplements, or supplants ERISA's civil enforcement remedy" is preempted because it "conflicts with clear congressional intent to make that remedy exclusive." *Davila,* 542 U.S. at 209. Indeed, "the ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.* (citing *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 65-66 (1987)). Under § 502, "a state-law cause of action is completely preempted if (1) 'an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B),' and (2) 'where there is no other independent legal duty that is implicated by a defendant's actions'" (the "*Davila* test"). *Marin*, 581 F.3d at 946 (quoting *Davila,* 542 U.S. at 210). In *Davila,* the Supreme Court determined that the first prong was met because the plaintiffs' only claims related to "denial of benefits promised under the terms of the ERISA-regulated employee benefit plans," and the plaintiffs could have brought an action under § 502. *Davila,* 542 U.S. at 211. The second prong was met because plaintiffs' civil action sought only to "rectify a wrongful denial of benefits promised under [an] ERISA-regulated plan[ ], and [did] not attempt to remedy any violation of a legal duty independent of ERISA." *Id.* at 214.

"Conflict preemption" arises under § 514(a). It preempts state laws that relate to any employee benefit plans, but does not those regulating insurance. 29 U.S.C. § 1144(a). State common law causes of action may be preempted by § 514 if they "relate to" an employee benefit plan regulated under ERISA. *Pilot Life Ins. v. Dedeaux*, 481 U.S. 41, 48 (1987). A state law claim relates to an employee benefit plan "if it has a connection with or reference to such a plan." *Sarkisyan v. CIGNA Healthcare*, 613 F. Supp. 2d 1199, 1204 (C.D. Cal. 2009) (quoting *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 654 (1995)). However, "a defense of conflict preemption under § 514(a) does not confer federal question jurisdiction on a federal district court." *Marin*, 581 F.3d at 945.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-03545 JAK (ASx) | Date | October 23, 2014 |
|---|---|---|---|
| Title | Los Angeles Sleep Studies Institute v. Anthem Blue Cross Life and Health Ins. Co. | | |

    **B.**    **Application**

        1.    <u>Whether Plaintiff's State Law Causes of Action are Preempted by ERISA §§ 502 and 514</u>

            a)    Preemption under ERISA § 514 and Removal Jurisdiction

Defendant contends that each cause of action asserted by Plaintiff is preempted under both § 502 and § 514. Dkt. 12-1 at 4. However, there are "different jurisdictional consequences that result from these two kinds of preemption." Thus, as to § 514

> [t]he general rule is that a defense of federal preemption of a state-law claim, even conflict preemption under § 514(a) of ERISA, is an insufficient basis for original federal question jurisdiction under [29 U.S.C.] § 1331(a) and removal jurisdiction under [29 U.S.C.] § 1441(a). A provision of state law may "relate to" an ERISA benefit plan, and may therefore be preempted under § 514(a) . . . [b]ut a defense of conflict preemption under § 514(a) does not confer federal question jurisdiction on a federal district court.

*Marin,* 581 F.3d at 945. Therefore, for the Court to have jurisdiction over Plaintiff's claims, "complete preemption" under § 502 must apply.

            b)    Whether the Doctrine of Complete Preemption under ERISA § 502 Applies

Defendant argues that complete preemption applies to all of Plaintiff's causes of action because each expressly seeks to recover the "usual and customary" value of the services that Plaintiff rendered "in accordance with the terms of the [insurance] policies." Dkt. 12-1 at 4-6. However, only the breach of contract claim, which is premised upon Plaintiff's assignment of rights from the relevant patients, seeks to recover money "in accordance with the terms of the policies." Dkt. 1, Exh. 6 ¶ 69. The remainder of the claims do not specify that the money is sought "in accordance with the terms of the [insurance] policies."

As stated above, a cause of action based on state law is completely preempted by ERISA if the *Davila* test is met. "The two-prong test of *Davila* is in the conjunctive. A state-law cause of action is preempted by § 502(a)(1)(B) only if both prongs of the test are satisfied." *Marin,* 581 F.3d at 947. These elements are considered in the following discussion.

                  (1)    Preliminary Issue: Whether the Plans in Issue are "Employee Benefit Plans" under ERISA

Defendant contends that a "majority" of the insurance policies that form the basis for Plaintiff's claims are ERISA-governed group benefit plans. *Id.* at 6; *see* Hicks Decl., Dkt. 2 ¶ 2. Plaintiff contends that ERISA does not apply for two reasons. First, enforcement of the alleged contracts between Plaintiff and Defendant "does not affect the administration of the plan under ERISA." And, second, Plaintiff's causes

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-03545 JAK (ASx) | Date | October 23, 2014 |
|---|---|---|---|
| Title | Los Angeles Sleep Studies Institute v. Anthem Blue Cross Life and Health Ins. Co. | | |

of action are "independent from the ERISA plans…." Dkt. 19 at 7, 10. Thus, Plaintiff does not contest that a "majority" of the plans upon which its claims rely are "employment benefit plans" under ERISA's definition.¹

(2) The First Prong under *Davila*

The question under the first prong of *Davila* is whether a plaintiff seeking to assert a state-law claim "at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B)." 542 U.S. at 210. Section 502(a)(1)(B) provides that, "[a] civil action may be brought (1) by a participant or beneficiary – (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 132(a)(1)(B). "ERISA preempts the state claims of a provider suing as an *assignee* of a beneficiary's rights to *benefits* under an ERISA plan." *The Meadows v. Employers Health Ins.*, 47 F.3d 1006, 1008 (9th Cir. 1995) (citing *Misic v. Building Service Employees Health & Welfare Trust,* 789 F.2d 1374, 1378 (9th Cir.1986)) (emphasis in original).

The FAC advances claims that arise under California law: breach of oral contract; breach of implied contract; breach of contract: assignment; breach of the implied covenant of good faith and fair dealing; fraud; unjust enrichment; and unfair business practices. FAC, Dkt. 1. *Marin* applies to the determination whether Plaintiff could have brought these claims under § 502. There, a hospital made claims under California law for breach of an implied contract, breach of an oral contract, negligent misrepresentation, quantum meruit, and estoppel. 581 F.3d at 947. All arose out of a telephone conversation between a hospital and a health insurance provider. The hospital alleged that the provider orally verified coverage of a patient, authorized treatment, and agreed to cover 90% of the costs. *Id.* at 943, 947. After the hospital billed the provider, it refused to pay 90% of it. *Id.* at 943-44. The hospital brought its action in a California Superior Court. The provider removed the case, arguing that ERISA completely preempted the hospital's claims. *Id.* at 944.

The Ninth Circuit considered preemption under § 502. It concluded that, because the hospital was seeking a recovery from the insurance provider due to the alleged oral contract, and not under the ERISA plan, the claim was not preempted preemption under § 502. *Id.* at 948. Thus, Ninth Circuit rejected the argument that, because the claims brought by the hospital "related to" the ERISA plan, they came within the scope of § 502. *Id.* at 948-49. The court determined that the "relate to" test is for

---

¹ "ERISA defines an 'employee benefit plan' to include, among others, 'any plan, fund, or program ... established or maintained by an employer ... for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance ... medical, surgical, or hospital care or benefits . . .'" *Qualls By and Through Qualls v. Blue Cross of California, Inc.*, 22 F.3d 839, 843 (9th Cir. 1994) (quoting 29 U.S.C. §§ 1002(1), (3)). In *Qualls*, the group health insurance policy at issue in the case fell within the "bare requirements for an ERISA plan" where the agreement "created a complex ongoing relationship between the insureds and the insurer which required constant administrative attention by the insurer. *Id.* at 843. Plaintiff alleges that "the patients had valid written health insurance policies with [Defendant], whereby [Defendant] was obligated to pay for the usual and customary health care expenses incurred by the patients, wherever those expenses were incurred." Dkt. 1, Exh. 6 ¶ 26.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-03545 JAK (ASx) | Date | October 23, 2014 |
|---|---|---|---|
| Title | Los Angeles Sleep Studies Institute v. Anthem Blue Cross Life and Health Ins. Co. | | |

conflict preemption under § 514, not complete preemption under § 502. *Id*. at 948-49. *Marin* also rejected the argument that the hospital's only remedy was an action under § 502 for payments under the ERISA plan. *Id.* The court concluded that, although the hospital had received an assignment of the patient's medical rights and could have brought suit under ERISA, that did not mean that the claims advanced were ones to recover benefits under an ERISA plan. *Id.*

*Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Grp., Inc.,* 187 F.3d 1045 (9th Cir. 1999), held that ERISA did not preempt state law claims brought by a provider of medical services against Blue Cross for breach of separate agreements between these parties. *Id.* at 1050-52. The claims were not preempted under § 502 because the claims made by the providers were based on legal obligations distinct from those that arose from the ERISA, notwithstanding that the provider was also the assignee of such rights *Id.* at 1051.

The facts here are very similar to those in *Marin.* Most of Plaintiff's claims all arise out of alleged oral agreements reached during telephone conversations. As noted, Plaintiff contends that Defendant agreed during these calls to pay Plaintiff the "usual and customary rate for the specific treatment." Dkt. 1, Ex. 6 ¶¶ 3, 22, 45, 59, 83, 95, 107,114, 122. Plaintiff contends that Defendant failed to make payments based on the agreed upon rates. Under *Marin*, claims for amounts due based on oral and implied contracts separate from an ERISA plan, does not satisfy the first prong of the *Davila* test. As in *Blue Cross*, the patients who received medical services from Plaintiff could not make claims against Defendant because these patients were not parties to the alleged oral agreements. For these reasons, the first prong of the *Davila* test is not met.

The result is different with respect to Plaintiff's third cause of action. It seeks relief for an alleged breach of contract based on the rights assigned to Plaintiff by patients who are covered by the ERISA-based insurance plans. Dkt. 1, Exh. 6 ¶ ¶ 69-71. As stated above, "ERISA preempts the state claims of a provider suing as an *assignee* of a beneficiary's rights to *benefits* under an ERISA plan." *The Meadows*, 47 F.3d at 1008 (emphasis in original). Thus, Plaintiff's third cause of action is preempted by ERISA to the extent that it is based on assignments of rights under ERISA insurance plans. To the extent that some of the plans are not governed by ERISA, the corresponding claims are not preempted, and the Superior Court has jurisdiction to address them. Plaintiff's fourth cause of action for breach of the covenant of good faith and fair dealing is premised, in part, on the same assignments. Dkt. 1, Exh. 6 ¶ 83 ("Defendant has tortuously breach its implied covenant of good faith and fair dealing arising from the implied contract and/or the assignments of benefit by unreasonably withholding the reimbursement monies due to Plaintiff"). To the extent that this claim is based on the assignment of benefits from plans subject to ERISA, it is preempted.

For these reasons, Plaintiff's first, second, fifth, sixth, seventh and eighth causes of action do not satisfy the first prong of *Davila.* Plaintiff's third and fourth causes of action satisfy the first prong of *Davila* to the extent they are premised on the assignment of benefits under ERISA-governed insurance plans.

(3) The Second Prong under *Davila*

The second prong of *Davila* presents the issue whether "there is no other independent legal duty that is implicated by a defendant's actions." 542 U.S. at 210. "If there is some other independent legal duty

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-03545 JAK (ASx) | Date | October 23, 2014 |
|---|---|---|---|
| Title | Los Angeles Sleep Studies Institute v. Anthem Blue Cross Life and Health Ins. Co. | | |

beyond that imposed by an ERISA plan, a claim based on that duty is not completely preempted under § 502(a)(1)(B)." *Marin*, 581 F.3d at 949.

As the Ninth Circuit explained in *Marin*:

> It is not enough for complete preemption that the contract and tort claims "relate to" the underlying ERISA plan, or that ERISA § 502(a)(1)(B) may provide a similar remedy. The question under the second prong of *Davila* is whether the complaint relies on a legal duty that arises independently of ERISA.

*Id.* at 950.

There, the state law claims based on the alleged oral contracts were not based on an obligation under an ERISA plan. *Id.* They were based on independent legal duties. *Id.* Most of the state-law claims asserted by Plaintiff are not based on obligations that arise under an ERISA plan. Rather, they are premised on the alleged contracts created during telephone conversations. Thus, these claims are pursued by Plaintiff, "not as an assignee of a purported ERISA beneficiary, but as an independent entity claiming damages." *Id.* (quoting *Cedars–Sinai Medical Center v. National League of Postmasters of the United States,* 497 F.3d 972, 978 (9th Cir. 2007)). To the extent that Plaintiff's third cause of action for breach of contract and fourth cause of action for breach of the implied covenant of good faith and fair dealing rely on Plaintiff's rights as an assignee to ERISA-governed insurance plans, the second prong of the *Davila* test is met.

Defendant contends that Plaintiff's state-law claims would require the Court to construe and apply ERISA plan terms in determining the appropriate reimbursement. For this reason, it argues that they are dependent upon a claim for benefits under ERISA. Dkt. 12-1 at 10. This argument is not persuasive. The terms of these alleged arrangements will be determined by the evidence as to the communications between the parties.

For these reasons, the first, second, fifth, sixth, seventh and eighth causes of action are based on an independent legal duty and do not satisfy the second prong of *Davila.* To the extent that Plaintiff's third and fourth causes of action are premised upon Plaintiff's rights as an assignee of ERISA-governed insurance plans, these claims meet the second prong of *Davila*. To the extent they are premised upon non-ERISA-governed plans, they do not.

*   *   *

For the reasons stated above, Plaintiff's first, second, fifth, sixth, seventh and eighth causes of action are not preempted by § 502(a)(1)(B). Plaintiff's third cause of action is preempted in part by § 502(a)(1)(B), *i.e.,* to the extent that it is based on ERISA-governed insurance plans. Plaintiff's fourth cause of action is preempted in part by § 502(a)(1)(B*), i.e.,* to the extent it is based on the assignment of benefits. Therefore, the Motion is GRANTED as to Plaintiff's third and fourth causes of action to the extent that each is preempted by § 502(a)(1)(B).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**


**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV14-03545 JAK (ASx) | Date | October 23, 2014 |
| Title | Los Angeles Sleep Studies Institute v. Anthem Blue Cross Life and Health Ins. Co. | | |

      2.      <u>Supplemental Jurisdiction</u>

            a.      Governing Legal Standards

Defendants removed this action based on federal question jurisdiction. They argue that this jurisdiction is based on the third cause of action, which "arises under, and is completely preempted by, [ERISA]." Notice of Removal, Dkt 1. Plaintiff's seven other claims are based on California law. The third and fourth causes of action have been dismissed in part, with the remaining claims in each based on allegations of a breach of contract under California law. In light of these dispositions, Plaintiff contends this case should be remanded to the Superior Court. Dkt. 19 at 10.

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, a district court has discretion to decline to exercise supplemental jurisdiction over a claim under Section 1367(a) if:

    (1) the claim raises a novel or complex issue of State law,
    (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
    (3) the district court has dismissed all claims over which it has original jurisdiction, or
    (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c); *see also Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997).

In determining whether to exercise supplemental jurisdiction over pendent state law claims, a court should "consider and weigh . . . the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988). In considering these factors, courts may also consider whether plaintiffs have employed "manipulative tactics" such as dismissing federal claims in an attempt to forum shop. *Carnegie-Mellon*, 484 U.S. at 357; *Millar v. Bay Area Rapid Transit Dist.*, 236 F. Supp. 2d 1110, 1119 (N.D. Cal. 2002). When a court determines that the exercise of supplemental jurisdiction is not appropriate, it may dismiss or remand the pendent state-law claims. *Carnegie-Mellon*, 484 U.S. at 351-52.

In general, if no federal claims remain in an action prior to trial, "the balance of factors . . . will point toward declining the exercise of jurisdiction over the remaining state-law claims." *Carnegie-Mellon*, 484 U.S. at 350 n.7; *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) (it is the norm for a federal court to relinquish jurisdiction when "state issues substantially predominate, whether in terms

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-03545 JAK (ASx) | Date | October 23, 2014 |
|---|---|---|---|
| Title | Los Angeles Sleep Studies Institute v. Anthem Blue Cross Life and Health Ins. Co. | | |

of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought"); *Acri*, 114 F.3d at 1000.[2] However, the Ninth Circuit has emphasized, that this "has never meant that they *must* be dismissed" or remanded. *Acri*, 114 F.3d at 1000.

      b.     Application

           i.   Judicial Economy

Judicial economy is the "principal reason justifying remand" or dismissal of pendent state law claims. *Bernard v. Wells Fargo Bank, Nat. Ass'n*, 2012 WL 5187990 at *3 (E.D. Cal. Oct. 18, 2012); *Graf v. Elgin, J. & E. Ry.*, 790 F.2d 1341, 1347 (7th Cir.1986) ("Judicial economy [is] the essential policy behind the modern doctrine of pendent jurisdiction."). Under this principle, remand is less appropriate in cases where the trial date is close or where the district court has performed a substantial amount of legal analysis that the state court would have to repeat upon remand. *Bernard*, 2012 WL 5187990, at *3 (citing *Millar*, 236 F. Supp. 2d at 1116). However, this factor favors remand when "federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain." *Carnegie-Mellon*, 484 U.S. at 350; *see also Emrick v. Fujitec America, Inc.*, 2005 WL 162235, at *6 (N.D. Cal. Jan., 24, 2005) (remanding the action because "no trial dates have been fixed in this action…and substantial discovery has taken place at the state court level."); *Bay Area Surgical Management, LLC v. United Healthcare Ins. Co.*, 2012 WL 3235999, at *5 (N.D. Cal. Aug. 6, 2012) (declining to exercise supplemental jurisdiction over state-law claims because "the federal claims were eliminated at the pleading phase").

Here, the proceedings are at an early stage. The parties have filed one motion. The initial scheduling conference was heard in conjunction with the hearing on this Motion. Thus, the Court has not yet expended any significant judicial resources. Under these circumstances, a remand would not be inefficient. This order would be the sole substantive action the Court has taken in this case. Thus, it would not impose on the Superior Court the need to redo any substantive work. *Bernard*, 2012 WL 5187990, at *3; *Millar*, 236 F. Supp. 2d at 1119 (judicial economy weighs in favor of remand because the court had only "expended modest effort in supervising this case…limited to holding two Case Management Conferences and issuing a pre-trial order."). The Superior Court is already familiar with the facts of the case due to its order sustaining Defendant's demurrer to Plaintiff's complaint in its entirety with leave to amend. *See* Notice of Removal, Dkt. 1 ¶ 5. For these reasons, this factor favors remand.

---

[2] *Accord Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 0205 (9th Cir. 1991) ("[I]t is generally preferable for a district court to remand remaining pendent claims to state court."); *Horne v. Wells Fargo Bank, N.A.*, 2013 WL 4807166, at *5 (C.D. Cal. Sept. 6, 2013) (when all federal claims are dismissed before trial, state claims should be dismissed as well); *Bay Area Surgical Management, LLC v. United Healthcare Ins. Co.*, 2012 WL 3235999, at *5 (N.D. Cal. Aug. 6, 2012) (when all federal-claims are dismissed, the balance of factors usually weighs in favor of remand).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV14-03545 JAK (ASx) | Date | October 23, 2014 |
| Title | Los Angeles Sleep Studies Institute v. Anthem Blue Cross Life and Health Ins. Co. | | |

          ii.       Convenience and Fairness

Convenience and fairness calls for a consideration whether the state court is conveniently located, and whether it provides a fair forum to the parties. *Millar*, 236 F. Supp. 2d at 1120; *Chaffin v. Automated Finance Corp.*, 2009 WL 3088401, at *1 (S.D. Cal. Sept. 1, 2009). This action was originally filed in the Los Angeles County Superior Court. It is convenient. *Millar*, 236 F. Supp. 2d at 1120 (the "factors of convenience and fairness cut markedly in neither direction. Both forums are equally convenient to the parties because both the federal forum and the state forum…are located in the city of Oakland. The case…will be tried in Oakland regardless of the Court's decision on plaintiff's remand motion.").

Furthermore, the Superior Court is a suitable forum for the resolution of the disputed issues. Nor is there any showing that the remand of the action would result in duplicative work. On the contrary, the case remains at an early stage. Nor will a remand affect the availability of ERISA-based defenses. *See Marin,* 581 F.3d at 951 (on remand "[d]efendants may assert in state court their defense of [ERISA] conflict pre-emption under § 514(a), as well as any other defenses they might have"); *Totten v. Hill*, 154 Cal. App. 4th 40, 64 (2007) (breach of contract action was completely preempted by ERISA § 502).

          iii.      Comity

The Superior Court has substantial expertise with respect to all of the claims alleged by Plaintiff. Thus, "as a matter of comity and to promote justice between the parties[] by procuring for them a surer-footed reading of applicable law," federal courts should avoid "needless decisions of state law." *Gibbs,* 383 U.S. at 726; *accord Horne v. Wells Fargo Bank, N.A.*, 2013 WL 4807166, at *6 (C.D. Cal. Sept. 6, 2013) ("Because only state law claims remain…they clearly predominate over any federal issues; as a result, principles of comity also suggest that remand is appropriate."); *Millar,* 236 F. Supp. 2d at 1119-20 (holding that comity heavily weighs in favor of remand because "it is still preferable…for state court judges to apply state law to plaintiff's state-law claims."); *Bernard v. Wells Fargo Bank, Nat. Ass'n*, 2012 WL 5187990, at *2 (E.D. Cal. Oct. 18, 2012) ("comity is enhanced where federal courts avoid 'needless decisions of state law.'").

          iv.      Manipulative Tactics

"If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case." *Carnegie-Mellon*, 484 U.S. at 357; *Millar*, 236 F. Supp. 2d at 1120. There is no evidence that Plaintiff has attempted to "manipulate the forum."

          \*          \*          \*

Because all of the *Carnegie-Mellon* factors favor remand, it is ordered.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-03545 JAK (ASx) | Date | October 23, 2014 |
|---|---|---|---|
| Title | Los Angeles Sleep Studies Institute v. Anthem Blue Cross Life and Health Ins. Co. | | |

**v.      Conclusion**

For the foregoing reasons, the Motion is GRANTED as to the third and fourth causes of action to the extent they are premised on the assignment of benefits under ERISA-governed plans. Because the exercise of supplemental jurisdiction is not warranted as to the remaining claims, this matter is remanded to the Los Angeles County Superior Court at the Stanley Mosk Courthouse.

**IT IS SO ORDERED.**

                                                                                    _____ : _____

                                                                    Initials of Preparer   ak